UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALBERT JEROME BUSTILLOS,

    Plaintiff,

v.                            Cause No. 2:20-CV-01336-KRS-GJF

CITY OF CARLSBAD, NEW MEXICO, and
SERGEANT DANIEL VASQUEZ of
CARLSBAD POLICE DEPARTMENT,

    Defendants.

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES

**COME NOW** the City of Carlsbad ("City") and Daniel Vasquez ("Vasquez") (hereinafter jointly referred to as "Defendants") by and through their counsel of record Hinkle Shanor LLP (Richard E. Olson and Chelsea R. Green) and hereby answer Plaintiff's Complaint for Damages ("Complaint") as follows:

### PARTIES

1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendants admit the City is a municipal corporation under the laws of the State of New Mexico. The remaining allegations contained Paragraph 1 appear to state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

2.    Answering Paragraph 2 of Plaintiff's Complaint, the allegations contained therein appear to state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendants admit the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of Plaintiff's Complaint, Defendants admit this Court has jurisdiction over this case.

6. Answering Paragraph 6 of Plaintiff's Complaint, Defendants admit that venue is proper in this Court.

7. Answering Paragraph 7 of Plaintiff's Complaint, the allegations contained therein appear to state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

## BACKGROUND FACTS

8. Answering Paragraph 8 of Plaintiff's Complaint, Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore deny the same.

9. Answering Paragraph 9 of Plaintiff's Complaint, Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore deny the same.

10. Answering Paragraph 10 of Plaintiff's Complaint, Defendants deny that Vasquez "aggressively" approached Plaintiff; however, Vasquez did approach Plaintiff to tell him he was interfering with an investigation, specifically a welfare check on a woman who was experiencing a mental and/or medical episode and who became agitated when she saw that Plaintiff was recording her. The encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on the day in question – April 10, 2019. To the extent

that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

11. Answering Paragraph 11 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

12. Answering Paragraph 12 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

13. Answering Paragraph 13 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

14. Answering Paragraph 14 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not

accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendants are without information sufficient to form a belief as to the truthfulness of the allegations contained therein, and therefore deny the same.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

23. Answering Paragraph 23 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

24. Answering Paragraph 24 of Plaintiff's Complaint, Defendants state that the encounter between Plaintiff and Vasquez was recorded and Defendants submit the video largely portrays what happened on April 10, 2019. To the extent that Plaintiff's allegations do not

accurately summarize what occurred, omit certain events, or contradict the video footage, Defendants deny the allegations.

25. Answering Paragraph 25 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, the allegations contained therein appear to state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

27. Answering Paragraph 27 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## FIRST CAUSE OF ACTION
(Deprivation of Civil Rights, 42 U.S.C. § 1983)

29. Answering Paragraph 29 of Plaintiff's Complaint, Defendants adopt and incorporate by reference their responses and denials to the allegations referenced therein (Paragraphs 1-28) as if fully set forth herein.

30. Answering Paragraph 30 of Plaintiff's Complaint, the allegations contained therein appear to state a legal conclusion to which no response is necessary. To the extent a response is deemed necessary, Defendants deny the same.

31. Answering Paragraph 31 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Defendants deny the allegations

contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## SECOND CAUSE OF ACTION
(False Arrest/False Imprisonment/Unlawful Detention)

37. Answering Paragraph 37 of Plaintiff's Complaint, Defendants adopt and incorporate by reference their responses and denials to the allegations referenced therein (Paragraphs 1-36) as if fully set forth herein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

40. Answering Paragraph 40 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

41. Answering Paragraph 41 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

## THIRD CAUSE OF ACTION
(Violation of the New Mexico Tort Claims Act)

42. Answering Paragraph 42 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

...
...
...
...

43. Answering Paragraph 43 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

44. Answering Paragraph 44 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

45. Defendants deny that Plaintiff is entitled to the relief and/or damages requested in his Complaint.

46. Defendants deny each and every allegation in Plaintiff's Complaint that is not specifically admitted herein as true.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. At all material times hereto, the City's actions and/or its agents and/or employees' actions were taken in good faith and without malice and the actions were proper, justified, legitimate, and objectively reasonable, and lawful under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, to the extent immunity for such claims has not been waived under the New Mexico Tort Claims Act and/or to the extent Defendants are otherwise entitled to immunity or qualified immunity pursuant to law.

### FOURTH AFFIRMATIVE DEFENSE

4. The acts and/or omissions of persons other than Defendants constitute the sole and/or a contributing proximate cause of the injuries and damages, if any sustained by the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

5.      Plaintiff's claims for damages under state law are barred or are limited under the terms of the New Mexico Tort Claims Act.

## SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiff's Complaint, in whole or in part, is barred by the Doctrine of Estoppel, Waiver, Equitable Estoppel, and/or Unclean Hands.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiff did not provide timely notice of his claims as required by the New Mexico Tort Claims Act.

## EIGHTH AFFIRMATIVE DEFENSE

8.      Defendants' actions and alleged omissions do not rise to the level of any statutory or constitutional deprivation of Plaintiff's rights.

## NINTH AFFIRMATIVE DEFENSE

9.      The Plaintiff's claims against the Defendants in their official capacity are barred to the extent that Plaintiff fails to demonstrate a pattern of alleged unconstitutional acts by the Defendants and/or failure to demonstrate that the Defendants' acted in deliberate indifference to the Plaintiff's civil rights and/or Plaintiff's failure to demonstrate that the Defendants knew of, acted, authorized, or approved of the alleged unconstitutional acts by the adoption and/or implementation of their official plan to policy.

## TENTH AFFIRMATIVE DEFENSE

10.     Plaintiff has failed to mitigate his damages, if any.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     Defendants reserve the right to amend their Answer to assert any other affirmative

defenses that become applicable and apparent during the course of discovery.

**WHEREFORE** having fully responded to Plaintiff's Complaint, Defendants request that the action be dismissed with prejudice and that Defendants be awarded their costs and attorney fees and such other and further relief as the Court deems proper.

HINKLE SHANOR LLP

Richard E. Olson
Chelsea R. Green
P.O. Box 10
Roswell, NM 88202-0010
575-622-6510/575-623-9332 Fax
rolson@hinklelawfirm.com
cgreen@hinklelawfirm.com
*Attorneys for Defendants the City of Carlsbad and Daniel Vasquez*

**CERTIFICATE OF SERVICE**

I hereby certify that on this December 29, 2020, I caused the foregoing ANSWER along with this Certificate of Service, to be served and filed electronically through the CM/ECF File & Serve electronic filing system, which caused all parties or counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing, and mailed and e-mailed to:

Albert Jerome Bustillos
S.D.T.E. NEWS
406 ½ W Church St.
Carlsbad, NM 88220
StrayDogTheExposer@gmail.com

HINKLE SHANOR LLP

Richard Olson