# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALBERT JEROME BUSTILLOS,

    Plaintiff,

vs.   No. CIV 20-1336 JB/GJF

CITY OF CARLSBAD, NEW MEXICO
and SERGEANT DANIEL VASQUEZ OF THE
CARLSBAD POLICE DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 11, 2021 (Doc. 21)("PFRD") and (ii) the Plaintiff's Motion in Opposition to Proposed Findings and Recommended Disposition, filed August 24, 2021 (Doc. 22)("Objections"). Defendants City of Carlsbad and Sergeant Daniel Vasquez did not respond to these objections. Because rule 72(b)(2) of the Federal Rules of Civil Procedure states that a part "may respond to another party's [PFRD] objections within 14 days," the Court considers these Objections to be briefed fully. See Fed. R. Civ. P. 72(b)(2). For the following reasons, the Court will: (i) overrule the Objections; (ii) adopt the PFRD; (iii) grant Defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment on Plaintiff's Complaint and for Qualified Immunity, filed February 12, 2021 (Doc. 11)("MTD"); and (iv) dismiss the above-captioned cause with prejudice.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required

proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[1] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kansas Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and

---

[1] Congress enacted the Federal Magistrate's Act, 28 U.S.C. §§ 631-39, in 1968.

recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001 ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit states that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[2]

---

[2]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

In One Parcel, in accord with other Courts of Appeals, the Tenth Circuit expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975)(emphasis added)(hereinafter Senate Hearings). The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit also has noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659. The Tenth Circuit joins "those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." Moore v. United States, 950 F.2d at 659. Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n

providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's PFRD, although the Court determined that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review. 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's PFRD de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]³

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, CIV  12-1039 JB/LAM, 2013 WL

contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court, however, is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's PFRD.

## ANALYSIS

The Court has carefully reviewed the PFRD de novo. The PFRD ultimately held that the "Plaintiff has not shown that a reasonable jury could find that Defendant Vasquez or Defendant City of Carlsbad violated Plaintiff's constitutional rights, clearly established or otherwise." PFRD at 5,

---

499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3); Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court believes adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

27-28 (citing Gutierrez v. Cobos, 841 F.3d 895, 900 (10th Cir. 2016)).  In reaching this ultimate holding, the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court of the District of New Mexico makes the following underlying findings and conclusions:

1. There is no genuine factual dispute that "Defendant Vasquez had probable cause to believe that Plaintiff committed the crime[s] of" (a) "refusing to obey a lawful police command" and (b) subsequently "concealing [his] true name or identity." PFRD at 22-24 (second bracket in original)(quoting N.M.S.A § 30-22-3)(citing N.M.S.A. § 30-22-1(D)).

2. "Defendant Vasquez's probable cause to arrest Plaintiff . . . 'defeat[s] Bustillos' [First Amendment] retaliatory arrest claim,'" because the "Plaintiff has not shown that this case presents a genuine factual dispute on the '*narrow* qualification … for circumstances where officers have probable cause to make arrests, but typically exercise their discretion not to do so.'" PFRD at 23-24 (emphasis and brackets in original)(quoting Nieves v. Bartlett, 139 S. Ct. 1715, 1727 (2019)).

3. "Plaintiff's arrest 'comported with the Fourth Amendment,'" both in terms of "probable cause" and "the force used to handcuff Plaintiff." PFRD at 24-25 (quoting Mocek v. City of Albuquerque, 813 F.3d 912, 922-23 (10th Cir. 2015)).

4. "To the extent Plaintiff has pled a *separate* Fourteenth Amendment claim," such a claim cannot survive "because there was probable cause to arrest Plaintiff." PFRD at 25-26 (emphasis in original)(citing Kerns v. Bader, 663 F.3d 1173, 1187 (10th Cir. 2011)).

5. "[E]ven *assuming* Defendant Vasquez had violated Plaintiff's First or Fourth Amendment rights . . . he would still be entitled to qualified immunity," because (a) "'any First Amendment right that [Plaintiff] had to record the officers was not *clearly established*' in April 2019," PFRD at 26 (emphasis in original)(quoting Frasier v. Evans, 992 F.3d 1003, 1020 n.4 (10th Cir. 2021), petition for cert. filed (July 15, 2021)(No. 21-57)) and (b) Bustillos' arrest was not done in a manner such "that *every reasonable officer* would have understood that such [an arrest] constituted a [Fourth Amendment] violation," PFRD at 26 (emphasis and first bracket in original)(quoting Mglej v. Gardner, 974 F.3d 1151, 1159 (10th Cir. 2020)).

6. "Defendant City of Carlsbad cannot be subject to municipal liability, because . . . 'there was no underlying constitutional violation by any of its officers.'"

>PFRD at 27 (quoting Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006))(citing Hinton v. City of Elwood, 997 F.2d 774, 783 (10th Cir. 1993)).[4]

"Consequently, Magistrate Judge Fourratt . . . recommend[s] dismissing all of Plaintiff's federal constitutional claims."  PFRD at 22.  In addition, because "the state claims should be dismissed" if "the federal claims are dismissed," the Magistrate Judge Fourratt recommends "declining to exercise supplemental jurisdiction over Plaintiff's entire state law claims."  PFRD at 27 (quoting Strain v. Regalado, 977 F.3d 984, 997 (10th Cir. 2020)).

The Court also has carefully reviewed Bustillos' Objections.  The first five pages of Bustillos' seventeen-page Objections are composed of one paragraph that, with some minor additions, is essentially a copy -- but with no citation -- of the first five pages of Bustillos' response.  Compare Plaintiff's Response to Defendants' Motion to Dismiss at 1-5, filed February 25, 2021 (Doc. 17). with Objections at 1-5.  The next four pages are a complete copy (again with no citation) of an argument in the petition for writ of certiorari that the plaintiff in Frasier v. Evans, 992 F.3d 1003 (10th Cir. 2021), filed.  Compare Frasier v. Evans, 992 F.3d 1003 (No. 21-57)(Petition for Writ of Certiorari at 26-31, arguing that "the Tenth Circuit incorrectly held that the First Amendment right [to record police officers performing their duties in public spaces] is not clearly established"), with Objections at 6-9.  Bustillos devotes the remaining eight pages almost entirely to what he represents is a copy of the "Carlsbad's Police Department's Policy & Procedures," spanning six pages, and a quotation from a press release by New Mexico's governor (spanning two pages).  See Objections at 9-17.  Compare id. at 9-10, with *Gov. Lujan Grisham Ratifies Civil Rights Act*, Office of the Governor

---

[4]Magistrate Judge Fourratt also noted that the "Plaintiff has not alleged, argued, or presented evidence suggesting that a '*municipal policy or custom*' caused an underlying constitutional violation by Defendant Vasquez."  PFRD at 5, 27 (emphasis in original)(citing Jensen v. West Jordan City, 968 F.3d 1187, 1204 (10th Cir. 2020)).

Michelle Lujan Grisham – Press Release (April 7, 2021), www.governor.state.nm.us/2021/04/07/gov-lujan-grisham-ratifies-civil-rights-act.[5]

Bustillos' Objections do not address specifically or meaningfully either: (i) the PFRD's ultimate holding; or (ii) its underlying findings and conclusions. See Objections at 1-17. See also One Parcel, 73 F.3d at 1060 (observing "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review"). In other words, the Objections do not address meaningfully how Bustillos has "shown that a reasonable jury could find that Defendant Vasquez or Defendant City of Carlsbad violated [Bustillos'] constitutional rights." PFRD at 27-28. Specifically, the Objections do not show or even discuss how there could be a genuine factual dispute whether (i) Vasquez had probable cause to believe that Bustillos committed the crimes of refusing to obey a lawful police command or concealing his identity; or (ii) "a narrow qualification is warranted for circumstances where officers have probable cause to make [an] arrest[] [for these crimes], but typically exercise their discretion not to do so," Nieves v. Bartlett, 139 S. Ct. at 1727; or (iii) the force used to handcuff Plaintiff was reasonable. See Objections at 1-17.[6]

---

[5]Bustillos' Objections also include several attachments: (i) a Certificate of Service, filed August 24, 2021 (Doc. 22-1); (ii) a Facebook post from the Carlsbad Police Department, filed August 24, 2021 (Doc. 22-2); (iii) correspondence with the City of Carlsbad and its counsel, filed August 24, 2021 (Doc. 22-3); (iv) Defendant Vasquez's Appointment and Commission, filed August 24, 2021 (Doc. 22-4); (v) Google Maps images with distance calculations, filed August 24, 2021 (Docs. 22-5, 22-6, 22-7); (v) a police Incident Report, filed August 24, 2021 (Doc. 22-8); and (vi) a letter to Bustillos from the City of Carlsbad's attorney, filed August 24, 2021 (Doc. 22-9).

[6]The Objections also do not address: (i) how the City of Carlsbad's or Sergeant Vasquez's actions could give rise to a standalone Fourteenth Amendment claim; or (ii) how the City could be subject to municipal liability without a showing that the City of Carlsbad had policy that could have caused an underlying constitutional violation. See Objections at 1-17. See also Quintana v. Santa Fe Cnty. Bd. of Commissioners, 973 F.3d 1022, 1033-34 (10th Cir. 2020).

Bustillos quotes an argument from another litigant's petition for certiorari, but such an argument is not binding authority. Even if the substance of that argument is correct, it is immaterial to this case's outcome. It would be immaterial even if, in April, 2019, there were a clearly established First Amendment right to record police officers performing their duties in public spaces, because the PFRD's ultimate holding is that Bustillos has not shown that a reasonable jury could find that the Defendants violated Bustillos' constitutional rights -- not that such rights might have been violated, but were not clearly established. See PFRD at 21-28; Frasier v. Evans, 992 F.3d 1003 (concluding that it was not clearly established in August, 2014, that a private citizen had a First Amendment right to record police officers performing their official duties in public spaces). Thus, although the PFRD "briefly notes" that such rights were not clearly established, PFRD at 26, this observation was not essential to the PFRD's ultimate holding. In conclusion, having carefully reviewed de novo the PFRD and Bustillos' Objections, the Court agrees with the analysis and conclusions in the PFRD. Consequently, for the reasons stated in the PFRD, the Court will adopt it in its entirety.

**IT IS ORDERED** that: (i) the Objections in the Plaintiff's Motion in Opposition to Proposed Findings and Recommended Disposition, filed August 24, 2021, (Doc. 22) are overruled; (ii) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 11, 2021 (Doc. 21) is adopted; (iii) Defendants' Motion to Dismiss, or Alternatively, Motion for Summary Judgment on Plaintiff's Complaint and for Qualified Immunity, filed February 12, 2021 (Doc. 11) is granted, in that (a) the Plaintiff's First Cause of Action (Deprivation of Civil Rights, 42 U.S.C. § 1983) is dismissed with prejudice; (b) Plaintiff's Second Cause of Action (False Arrest / False Imprisonment / Unlawful Detention), see Complaint at 3 -- to the extent it alleges a federal claim under 42 U.S.C. § 1983 -- is dismissed with prejudice; (c) the Plaintiff's Second Cause of Action (False Arrest / False Imprisonment / Unlawful Detention) see Complaint at 4 -- to the extent it alleges a state claim under New Mexico law -- is dismissed without prejudice; and (d) the Plaintiff's Third Cause of Action

- 12 -

(Violation of the New Mexico Tort Claims Act) see Complaint at 4 is dismissed without prejudice; and (iv) the above-captioned cause is dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Albert Jerome Bustillos
Carlsbad, New Mexico

    *Plaintiff pro se*

Richard E. Olson
Chelsea Rae Green
Hinkle Shanor LLP
Roswell, New Mexico

    *Attorneys for the Defendants*