# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

ALBERT JEROME BUSTILLOS,

    Plaintiff,

v.                                            Civ. No. 20-1336 JB/GJF

CITY OF CARLSBAD, NEW MEXICO
and SERGEANT DANIEL VASQUEZ OF
CARLSBAD POLICE DEPARTMENT,

    Defendants.

## ORDER EXTENDING PLAINTIFF'S TIME TO FILE A NOTICE OF APPEAL

THIS MATTER is before the Court upon Plaintiff's Motion for an Extension of Time to File a Notice of Appeal, filed on November 22, 2021. ECF 31.

### I. BACKGROUND

Plaintiff's Motion "requests leave to acquire the necessary filing fees to appeal the final judgement entered on 11/16/2021." *Id.* On October 20, 2021, however, Plaintiff had already filed a Notice of Appeal [ECF 25]—over three weeks before the Court issued its final judgment [ECF 30] on November 16, 2021. *See* ECF 25 (providing notice of Plaintiff's "appeal to the United States District Court of Appeals for the 10th Circuit from an order entered in this action on 9/21/2021 (Document #23)"). In response to this notice, the Tenth Circuit has abated the "proceedings in this appeal … pending notification that the district court has entered its final judgment." ECF 28 at 1.

### II. APPLICABLE LAW

The Federal Rules of Appellate Procedure provide that "the notice of appeal … must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1). In addition, "[a] notice of appeal filed after the court announces a

decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Fed. R. App. P. 4(a)(2). Finally, "[t]he district court may extend the time to file a notice of appeal if," *inter alia*, "th[e] party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5) (also providing that a motion for such an extension "may be ex parte unless the court requires otherwise" and that "[n]o extension … may exceed 30 days after the [initially] prescribed time").

### III.  DISCUSSION

It appears that Plaintiff may have already filed the required notice of appeal. *See* ECFs 25, 28; Fed. R. App. P. 4(a)(1)-(2). But to the extent Plaintiff wishes to file another (or perhaps an amended) notice of appeal—and to do so beyond the standard "30 days after entry of the judgment," Fed. R. App. P. 4(a)(1)—the Court will permit Plaintiff to do so. In doing so, the Court finds that Plaintiff has "show[n] … good cause" for the Court to "extend[] [his] time to file [such] a notice of appeal." Fed. R. App. P. 4(a)(5). Specifically, Plaintiff has represented that he needs additional time to "acquire the necessary filing fees to appeal the final judgement." Mot. at 1. Consequently, the Court will extend Plaintiff's time to file an appeal by an additional 30 days—i.e., from December 16, 2021, to January 18, 2022—which is the maximum amount of time the Court is allowed to extend this deadline. Fed. R. App. P. 4(a)(5)(C).

### IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion [ECF 31] is **GRANTED** in that Plaintiff may file a notice of appeal of the Court's final judgment **no later than January 18, 2022**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE